IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEIDRA MILAN, ) <br> *on behalf of herself and those* ) <br> *similarly situated*; ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROVAST, INC.; MICROVAST ) <br> HOLDINGS, INC.; ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. _____ <br><br> **COMPLAINT - CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Deidra Milan ("Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this suit against Microvast, Inc. and Microvast Holdings, Inc. (collectively, "Defendants" or "Microvast"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendants, her employers for WARN Act purposes.

2. Defendants operate a manufacturing plant located at 780 International Blvd, Clarksville, TN ("Microvast Facility"), where Plaintiff and those she seeks to represent worked.

3. Over the last 90 days, upon information and belief, Defendants abruptly terminated several groups of employees, unilaterally and without proper notice to employees or staff,

terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Microvast Facility. Upon information and belief, Microvast continued mass layoffs as recently as Friday, May 17, 2024.

4. Plaintiff was terminated on April 19, 2024, as part of a mass layoff without notice.

5. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendants on or around April 19, 2024 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

7. The effects of Defendants' unceremonious layoffs on the Clarksville, Tennessee community cannot be understated. Dozens of workers relocated to Clarksville specifically to work for Microvast, only to be terminated as part of this mass layoff. The Clarksville community will bear the brunt of Defendants' transgressions.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below)

11. Plaintiff Deidra Milan is a citizen of the United States and resident of Montgomery County, Tennessee. Plaintiff Milan was employed by Defendants at all relevant times at the Microvast Facility. She was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of her termination.

12. Defendant Microvast, Inc., is incorporated in Delaware, registered to do business in Tennessee, with a corporate headquarters located at 12603 Southwest Freeway, Suite 300, Stafford, TX 77477. As registered with the Tennessee Secretary of State, Defendant may be served via its registered agent, Microvast, Inc., 780 International Blvd., Clarksville, TN 37040-5327.

13. Defendant Microvast Holdings, Inc., is incorporated in Delaware, and has not registered with the Tennessee Secretary of State. However, upon information and belief, Defendant Microvast Holdings, Inc., wholly owns Microvast, Inc., directed the operation of the Microvast facility, and directed the termination of employees without WARN notice here. Defendant Microvast Holdings, Inc., may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

14. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

15. Defendants made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50

employees and at least one-third of the workforce.

## FACTS

16. Defendants run a battery manufacturing plant in Clarksville, Tennessee, manufacturing lithium-ion battery solutions.

17. In February 2021, Microvast announced that they would be setting up its first American factory in Clarksville, Tennessee, bringing almost 300 jobs in a growing technology market.

18. Three years after announcing the factory, effective on April 19, 2024, Defendants terminated a large number of employees at the Microvast facility as part of "reduction in force."

19. Defendant Microvast, Inc., upon information and belief, is a wholly owned subsidiary of Defendant Microvast Holdings, Inc.

20. Defendant Microvast Holdings, Inc. and Defendant Microvast, Inc. share common officers.

21. Defendant Microvast Holdings, Inc., retained full control over Microvast, Inc., and collectively, the entities directed the termination of employees here, including Plaintiff, such that Microvast Holdings, Inc., retains de facto control.

22. Defendant Microvast Holdings, Inc., dictates the personnel policies for Microvast, Inc., and retains control over all employment policies for Microvast, Inc.

23. Defendant Microvast, Inc.'s operations are part and parcel to Defendant Microvast Holdings' operation, which directly derives revenue from Microvast, Inc.'s operations.

24. Under 20 C.F.R. § 639.3, Defendant Microvast, Inc. and Defendant Microvast Holdings, Inc., constitute a single employer and/or joint employer.

25. Until April 19, 2024, upon information and belief, the Microvast Facility was

running business as usual and employees had no indication that Defendants intended to reduce the workforce.

26. On or about April 19, 2024, Defendants informed a group of employees, including Plaintiff, at the Microvast Facility, that their jobs would be immediately terminated.

27. Upon information and belief, since April 19, 2024, Defendants have continued to lay off workers.

28. As recently as May 17, 2024, Defendants laid off another wave of employees.

29. Defendants did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

30. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

31. By failing to provide its affected employees who were temporarily or permanently terminated on or around April 19, 2024, with WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## **CLASS ACTION ALLEGATIONS**

32. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days April 19, 2024.

33. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class, and her claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

34. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

35. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

36. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
### VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.
### (WARN Act)
### (*On behalf of Plaintiff and the putative class*)

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

38. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1). Collectively, they operate as a single entity and/or joint employers, within the meaning of 20 C.F.R. § 639.3.

39. Plaintiff and those she seeks to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

40. The April 19, 2024, and ongoing permanent terminations at the Microvast Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90 day period, may be aggregated. 29 U.S.C. § 2102(d).

41. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Microvast Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as her home base, the place from which her work was assigned, and the place to which they reported for work.

42. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such

representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

43. On information and belief, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those she seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give any written notice to the Tennessee Department of Labor, or to the chief elected official of the local government within which the mass layoff was ordered. Upon information and belief, as of this filing, Defendants have still failed to provide the requisite notice.

44. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about April 19, 2024.

45. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

46. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

47. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Respectfully submitted,

/s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN Bar #23045)
Michael C. Iadevaia (TN Bar # 41622)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

*Counsel for Plaintiff and the Proposed Class*