UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEIDRA MILAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROVAST, INC.; MICROVAST HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:24-cv-00627<br><br>Judge Aleta A. Trauger |

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, ATTORNEYS' FEES, AND SERVICE AWARDS**

Before the Court is Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement, including their request for attorneys' fees and their Service Awards as the proposed Class Representatives. Having reviewed and considered the Settlement Agreement, the Unopposed Motion, and all supporting papers, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class, for settlement purposes only.

**IT IS ORDERED** that:

1. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

2. The Court, for the purposes of this Final Order and Judgment, adopts the defined terms as forth in the Settlement Agreement for any term not otherwise defined herein.

3. On December 17, 2025, the Court entered an order, which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement and the amended claim form submitted on Order of this Court; (b) provisionally certified a Settlement Class in this matter for settlement purposes only, including defining the Settlement Class, appointed Plaintiff as the Class Representative, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Settlement Class, consistent with the Settlement Agreement, as "all current and former employees of Microvast, Inc., Microvast Holdings, Inc., Microvast Energy, Inc., Microvast Advanced Membrane, Inc., Microvast Advanced Materials, Inc., Microvast Power Solutions, Inc., and any of their subsidiaries or affiliates, who were terminated in 2024 as part of one or more alleged mass layoffs without proper notice." ECF No. 45-2, PageID 291. The Court further finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23, and that the notice program afforded appropriate due process, with a reach of 100%.

5. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby finally approved, adopted, and incorporated by the Court. The Parties, their respective

attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

6. Notice of the Final Approval Hearing and the Plaintiff's Motion for Final Approval, Attorneys' Fees, and Service Awards have been provided to Settlement Class Members as directed by this Court's Orders, and a declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

7. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2). The Court finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law. In addition, the Court finds that the notice procedures satisfied the requirements of Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as exempted by the Private Securities Litigation Perform Act of 1995, and constituted adequate notice pursuant to the requirements of Section 3(a)(1) of the Securities Act.

8. The Court readopts and incorporates by reference its preliminary conclusions as to the satisfaction of the Federal Rules of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order. The Court notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any

issues of manageability that may be presented by certification of the Settlement Class in the Settlement Agreement.

9. As of the final date of the Opt-Out Deadline, zero Settlement Class Members submitted timely and valid requests for exclusion from the Settlement Class.

10. No valid objections were filed by Settlement Class Members.

11. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12. The Court, after holding the Settlement Hearing, hereby finds that: (i) the Settlement Shares are to be issued solely in exchange for bona fide outstanding claims; (ii) all persons and entities to whom the Settlement Shares will be issued had the right to appear at the Settlement Hearing; (iii) the Settlement Hearing was open to all persons and entities to whom the Settlement Shares will be issued; (iv) adequate notice has been given to all persons and entities to whom the Settlement Shares will be issued, and there have been no improper impediments to the appearance of such persons and entities at the Settlement Hearing; and (v) the terms and conditions of the issuance of the Settlement Shares pursuant to the terms of the Settlement Agreement are fair to all persons and entities to whom the Settlement Shares will be issued. The Court hereby acknowledges that it was advised prior to the Settlement Hearing that, following Court approval of the Settlement, Microvast Holdings, Inc. intends to rely on the Section 3(a)(10) registration exemption when issuing the Settlement Shares to the Settlement Class (and to Class Counsel, as may be awarded by the Court, except that such award will not exceed one-third of the Value of the Settlement) pursuant to the terms of the Settlement Agreement. The Court hereby approves the

terms and conditions of the issuance of the Settlement Shares in exchange for the settlement and release of the Settled Claims by the Releasing Persons as fair both procedurally and substantively to all persons and entities to whom the Settlement Shares will be issued, and finds that the Settlement Shares are freely tradable and exempt from the registration requirements of the Securities Act (or, where applicable, any analogous provisions of applicable state securities laws) pursuant to Section 3(a)(10). Based upon the Court's findings that the terms and conditions of the Settlement are fair both procedurally and substantively, Microvast Holdings, Inc. may issue the Settlement Shares without registration or compliance with the prospectus delivery requirements of the U.S. securities laws (or, where applicable, any analogous state securities laws). At any time after the Effective Date, Class Counsel may, in accordance with the terms of the Settlement Agreement, direct the Trustee (Citi Bank, as third-party fiduciary, together with Kroll Settlement Administration as stock sale administrator) to sell all or any portion of the Settlement Shares on behalf of the Settlement Class, pursuant to the exemption from registration requirements of the Securities Act provided by Section 3(a)(10), which exemption shall also remain applicable to and not otherwise limit or invalidate the initial issuance and delivery of the Settlement Shares to the Trustee. To the extent that any sale of the Settlement Shares occurs, the cash proceeds of such sale(s) shall be deposited into the Trust and held by the Trustee for the benefit of the Settlement Class pending disbursement or distribution in accordance with the terms of the Settlement Agreement.

13. Pursuant to the Settlement Agreement, Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein. The full terms of the Releases described herein are set forth fully in the Settlement Agreement, and the Releases are hereby approved and incorporated by reference.

14. Released Claims shall not include the right of any Settlement Class Member or the Released Parties to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons identified in the Declaration of CPT Group, Inc—filed as an exhibit to Plaintiff's Motion for Final Approval—who have timely and validly requested exclusion from the Settlement Class. The Court notes that the Declaration did not identify any who have timely or validly requested exclusion from the Settlement Class.

15. Upon the Effective Date, each Settlement Class Member who did not timely and validly excluded themselves from the Settlement, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member who has not timely and validly excluded themselves from the Settlement, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

16. Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class Members, and Settlement Class Counsel of all claims based on or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Settlement Class Members who submitted a timely and valid Request for Exclusion from the Settlement.

17. The Court affirms its appointment of Deidra Milan as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

18. Pursuant to the Settlement Agreement, the Court approves $5,000 Service Awards to the Class Representatives. Defendants shall make such payment in accordance with the terms of the Settlement Agreement.

19. The Court affirms its appointment of J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Settlement Class Counsel.

20. The Court, after review of the Plaintiff's request for attorneys' fees, inclusive of litigation expenses, finds that Settlement Class Counsel's request for fees of 33.33% of the Settlement Fund is reasonable. While the Court notes that the settlement stock are to be liquidated and Settlement Class Counsel's fees will be drawn from the Settlement Fund, the value of Settlement Class Counsel's fees equates to $66,660 in cash and 91,658 shares of MVST, which is line with standard settlements in this Circuit. Moreover, the request is reasonable in light of the complexity of WARN Act litigation, which requires significant technical expertise to navigate and imposes its own attendant risks. The request is further reasonable in light of the benefits of settlement without further delay and without the need for a risky and lengthy trial and appeals process that would further delay compensation to the Class. The Court also finds the requests for expenses of $22,357.51, and the other anticipated expenses described in Plaintiff's motion, to be reasonable and permits those expenses to be paid from the fund.

21. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of

any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or be deemed admissible as an admission by Defendant that Plaintiff's claims or any claims that were or could have been asserted in the Action are suitable for class treatment or any other litigation purpose. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

22. If the Effective Date does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties'

obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

23. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

25. **Final Judgment and Dismissal.** Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this Action is hereby dismissed **with prejudice** on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement and this Order. This is the FINAL JUDGMENT of the Court in this Action.

**IT IS SO ORDERED** this 21st day of May, 2026.

Hon. Judge Aleta A. Trauger
United States District Court Judge

Respectfully submitted for entry by,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN BPR 23045)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com

***Attorneys for Plaintiff and the Class***